U.S. Bankruptcy Court
Middle District of Florida (Orlando)
Bankruptcy Petition #: 6:09-bk-04024-ABB

RE:

Ronald Deone Simmons                    Chapter 7

Sebrena Marcia Simmons

            Debtors.
_____/

## AMENDED MOTION FOR PAYMENT OF UNCLAIMED FUNDS

COMES NOW, YALE MORTGAGE CORPORATION, by and through the undersigned attorney, move the court for an order disbursing the funds on deposit in this estate for the following reasons:

1. On May 15, 2009, YALE MORTGAGE CORPORATION filed the Proof of Secured Claim (Claim Register 10-1) with the incorrect address, see copy attached as Exhibit "A".

2. On January 07, 2010, Chapter 13 Standing Trustee's Final Report was filed, and it indicates that the sum of $6,363.20 belongs to YALE MORTGAGE CORPORATION (Docket #34), see attached copy as Exhibit "B".

3. On June 18, 2010, a Notice of Change of Address was filed (Docket #55).

4. YALE MORTGAGE CORPORATION seeks payment of these unclaimed funds and requests that said funds be sent to Michael J. Eisler, Esq., Attorney for Creditor at Straus & Eisler, PA, 2500 Weston Rd, #213, Weston, FL 33331.

5. YALE MORTGAGE CORPORATION last four digits of the

Employer Identification Number is XX-XXX7752.

6. The Motion filed on June 29, 2010, Docket #56, is hereby amended to add the last four digits of the Employer Identification Number and to add the proof of service upon the United States Attorney, Attn: Civil Process Clerk, at the address listed below in the Certificate of Service.

WHEREFORE, YALE MORTGAGE CORPORATION seeks payment of the unclaimed funds and request said funds be sent to the new mailing address provided.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion for payment of Unclaimed Funds was served via U.S. mail to: Ronald Deone Simmons and Sebrena Marcia Simmons, Debtor, 1512 N. Grandview Street, Mount Dora, FL 32757; James F. Feuerstein, Esq. Attorney for Debtor, James F. Feuerstein, PA, 303 St. Clair Abrams Avenue, Tavares, FL 32778; Laurie K. Weatherford, Trustee, POB 3450, Winter Park, FL 32790; Leigh R. Meininger, Trustee, POB 1946, Orlando, FL 32802; U.S. Trustee, United States Trustee-ORL-7, 135 W. Central Blvd, Suite 620, Orlando, FL 32801; United States Attorney, Attn: Civil Process Clerk, 400 N. Tampa Street, Suite 3200, Tampa, FL 33602, on this 18th day of August, 2010.

Straus & Eisler, PA
Michael J. Eisler, Esq.
Attorney for Creditor
2500 Weston Rd, #213
Weston, FL 33331
Tel: 954-349-9400/Fax: 954-349-9300

BY: ___/s/ Michael J. Eisler___
    Michael J. Eisler, Esq.
    Florida Bar No.: 500615

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
GENERAL JURISDICTION DIVISION
CASE NO.: 06:09-bk-04024
CHAPTER 13

IN RE:

RONALD SIMMONS
SEBRENA SIMMONS

Debtors.
_____/

FILED

MAY 15 2009

CLERK, U.S BANKRUPTCY
ORLANDO DIVISION

## PROOF OF SECURED CLAIM

COMES NOW, YALE MORTGAGE CORPORATION, Creditor, by and through undersigned attorney, and states:

1. Debtor is indebted to YALE MORTGAGE CORPORATION, in the principal amount of $106,700.32 by virtue of a note and mortgage dated August 3, 2006 and recorded in Official Records Book 3226, at page 2347 in the Public Records of Lake County, copy attached and made a part hereof, secured by real estate more particularly described therein.

2. On November 1, 2007, Debtor defaulted on said note and mortgage by failing to make the payments then due and all subsequent payments, and Creditor filed an action to foreclose said mortgage under Case No. 2008-CA 2057 in the Circuit Court of Lake County.

3. Debtor is indebted to Creditor in the amount of $134,616.91.

4. On the date of petition, the Debtors were in arrears on said mortgage as follows:

| (a) | Installment payments due November 1, 2007 to August 31, 2008 @$1,307.18 x10 | 13,071.80 |
| --- | --- | --- |
| (b) | Installment payments due September 1, 2008 to March 30, 2009 @ 1,286.96 x7 | 9,008.72 |
| (c) | Filing fee | 255.00 |
| (d) | Service of process | 180.00 |
| (e) | Title search | 365.00 |
| (f) | Late Charges | 2,831.31 |
| (g) | Unapplied balance | (35.04) |
| (h) | Inspection Fees | 79.00 |
| (i) | Publication cost- sale | 160.80 |
| (j) | Reasonable Attorney's Fees Foreclosure | 1,500.00 |
| (k) | Reasonable Attorney's Fees-Bkc | 500.00 |
|     | **TOTAL AMOUNT DUE** | **$27,916.59** |



Exhibit "A"

DATED this 12 day of May, 2009.

I HEREBY CERTIFY THAT I AM ADMITTED TO THE BAR OF THE UNITED STATES DISTRICT COURT FROM THE SOUTHERN DISTRICT FOR THE SOUTHERN DISTRICT OF FLORIDA AND I AM IN COMPLIANCE WITH THE ADDITIONAL QUALIFICATION TO PRACTICE IN THIS COURT SET FORTH IN LOCAL RULE 910(D)(1) AND (2).

                                        STRAUS & EISLER, P.A.
                                        Attorneys for Creditor
                                        1528 Weston Road
                                        Weston, Florida 33326
                                        (954) 349-9400
                                        (954) 349-9300 facsimile

                                        By: _____
                                            Michael J. Eisler
                                            Florida Bar No. 500615

Copies furnished to:
Attorney for Debtor
Trustee in Bankruptcy
Ronald Simmons
Sebrena Simmons

**VARIABLE RATE MORTGAGE NOTE**
(Wall Street Journal Prime Rate Index)

$107,250.00

MIAMI, FLORIDA
July 26, 2006

FOR VALUE RECEIVED, the undersigned, RONALD SIMMONS and SEBRENA SIMMONS, promises to pay to the order of YALE MORTGAGE CORPORATION the principal sum of One Hundred Seven Thousand Two Hundred Fifty and 00/100 Dollars ($107,250.00) together with interest thereon at the initial rate of 10.99% per annum from the date of this Note until maturity, both principal and interest being payable in Lawful Money of the United States, such principal sum and interest payable as follows:

Consecutive monthly installments in the amount of $1,020.56 per month, principal and interest, commencing on September 1, 2006 and on the 1st day of each and every consecutive month thereafter through and including August 1, 2007; commencing on August 1, 2007, and on each successive August 1st, through and including August 1, 2035 ("Interest Adjustment Date"), the Lender shall adjust the rate of interest. The payments of principal and interest due and payable from the undersigned commencing September 1, 2007 ("Payment Adjustment Date") for the next succeeding twelve (12) monthly installments are based on the amortization of the remaining unpaid principal balance for the remaining term of the note at a rate of interest calculated by adding 4.00% to the Wall Street Journal prime rate, or if that is unavailable to a similar rate, selected by the Holder of the Note, published on August 1st of each year. For the purposes of the calculation of monthly payments hereunder the initial amortization period shall be 30 years, and for each annual adjustment the amortization period shall be reduced by one year. The annual rate as calculated herein shall not be less than 12% per annum, except for the first year of the note, nor exceed the otherwise lawful rate of interest. On August 1st, 2036 the remaining unpaid principal amount and accrued interest shall be due and payable in full.

THE UNDERSIGNED SHALL PAY A LATE CHARGE OF TEN PERCENT (10%) OF THE PAYMENT THEN DUE FOR EACH INSTALLMENT RECEIVED AFTER THE GRACE PERIOD WHICH IS DEFINED AS WITHIN TEN (10) DAYS AFTER THE DUE DATE OF ANY PAYMENT. IN THE EVENT THAT ANY PAYMENT IS RETURNED ON ACCOUNT OF INSUFFICIENT OR UNCOLLECTED FUNDS, MAKER SHALL ADDITIONALLY BE LIABLE FOR A RETURN CHECK CHARGE OF 5% OF THE AMOUNT OF THE CHECK AND; THE PAYEE MAY REQUIRE THAT ALL FUTURE PAYMENTS BE MADE BY CASHIER'S CHECK OR MONEY ORDER.

THIS NOTE MAY NOT BE PREPAID IN PART. ANY PREPAYMENT IN FULL OF THIS NOTE DURING THE FIRST THREE YEARS OF ITS TERM SHALL INCLUDE A CHARGE EQUAL TO 5% OF THE THEN OUTSTANDING PRINCIPAL. ANY PREPAYMENT IN FULL OF THIS NOTE DURING THE REMAINING TERM OF THIS NOTE SHALL NOT INCLUDE A PREPAYMENT CHARGE.

Such installment payments shall be applied first to the interest accruing under the terms of this note and then to a reduction of the principal indebtedness. The makers and endorsers of this note further agree to waive demand, notice of non-payment and protest, and in the event suit shall be brought for the collection hereof, or the same has to be collected upon demand of an attorney, to pay reasonable attorney's fees for making such collection. All payments hereunder, including the principal sum upon default and acceleration, shall bear interest at the maximum rate of interest permitted by law from maturity, default, or post judgment until paid. In the event of default, the post-judgment rate of interest will be equal to the default interest set forth herein and not the statutory post-judgment rate of interest. The prepayment charge as set forth in this Note shall apply in the event that a default under the terms and conditions of this Note results in the acceleration of the principal sum due hereunder, and the payee shall be entitled to recover the prepayment charge in addition to the collection of default interest as provided herein. This note is secured by a mortgage of even date herewith and is to be construed and enforced according to the laws of the State of Florida, upon default in the payment of principal and/or interest when due, the whole sum of principal and interest remaining unpaid shall, at the option of the holders, become immediately due and payable. Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of a subsequent default.

(initial)    (initial)

If the calculation of interest or the imposition of a change in the rate of interest after acceleration upon default or the payment of any fees or other charges which are construed to be interest under applicable law, rule, or regulation in effect from time to time, result in an effective rate of interest higher than that permitted to be paid under applicable law, rule, or regulation in effect from time to time, then such charges shall be reduced by a sum sufficient to result in an effective rate of interest no greater than the maximum effective rate of interest to be paid under applicable law, rule or regulation in effect from time to time. Upon maturity of this Note, whether by acceleration or in due course, interest shall be recalculated over the actual life of the loan, based upon the amounts outstanding, and if the total amount of interest theretofore paid exceeds the amount permitted to paid under applicable law, rule or regulation in effect from time to time, the excess shall be credited to principal, or if such excess exceeds the principal amount due hereunder, refunded to maker.

AS A MATERIAL FACTOR IN INDUCING PAYEE TO MAKE THE LOAN EVIDENCED BY THIS MORTGAGE NOTE AND ACCEPT THE MORTGAGE DEED AND OTHER LOAN INSTRUMENTS, MAKER AND ANY GUARANTOR, FOR THEMSELVES AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, AGREE THAT ANY LITIGATION ARISING OUT OF OR INSTITUTED BY PAYEE OR ITS SUCCESSORS AND ASSIGNS TO ENFORCE ANY OF THE TERMS OF THIS MORTGAGE NOTE SHALL BE TRIED WITHOUT JURY, AND NO JURY TRIAL SHALL BE SOUGHT OR MAINTAINED BY MAKER, ANY GUARANTOR, OR THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, IN ANY LAWSUIT, PROCEEDING, COUNTERCLAIM, OR ANY OTHER LITIGATION PROCEDURE BASED UPON, OR ARISING OUT OF, THE LOAN EVIDENCED BY THE MORTGAGE NOTE, THE MORTGAGE DEED AND OTHER LOAN DOCUMENTS, ANY COLLATERAL OR THE DEALINGS OR THE RELATIONSHIP AMONG MAKER, PAYEE AND GUARANTOR, IF ANY.

_Ronald D. Simmons_
RONALD SIMMONS

_Sebrena Simmons_
SEBRENA SIMMONS

Payable At:
P.O. Box 1189
Miami, Florida 33137

SEGAUL & STOLL, PA
8751 WEST BROWARD BLVD STE 404
PLANTATION, FL 33324

PREPARED BY AND RETURN TO:
ERIC R. SCHWARTZ, ESQUIRE
WEITZ & SCHWARTZ, P.A.
3601 W. Commercial Blvd., Suite 31
Fort Lauderdale, Florida 33309

CFN  2006117514
BK 03226 Pgs 2347 - 2351; (5pgs)
DATE: 08/01/2006  09:32:42 AM
JAMES C. WATKINS, CLERK OF COURT
LAKE COUNTY
RECORDING FEES 44.00
MTG DOC 375.38
INTANGIBLE 214.50

## MORTGAGE DEED AND SECURITY AGREEMENT

THIS Mortgage Deed and Security Agreement, hereinafter called the Mortgage, dated July 26, 2006 by RONALD SIMMONS and SEBRENA SIMMONS, husband and wife, whose post office address is 1512 N Grandview Street, Mount Dora, Florida 32757, hereinafter called the Mortgagor(s), which term shall include the heirs, legal representatives, successors and assigns of the Mortgagor(s) wherever the context so requires or admits, to YALE MORTGAGE CORPORATION, whose post office address is P.O. Box 1189, Miami, Florida 33137 hereinafter called the Mortgagee, which term shall include the successors and assigns of the Mortgagee wherever the context so requires or admits.

WITNESSETH:

That in consideration of the sum set forth in the mortgage note hereinafter described, the receipt whereof is hereby acknowledged, the Mortgagor(s) do hereby grant, bargain, sell, alien, remise, release, convey and confirm unto the Mortgagee, their heirs successors and assigns, all of that certain piece, parcel or tract of land, of which the Mortgagor(s) are now seized and possessed and in actual possession, in Lake, Florida, as described as follows:

The West 122.32 feet of the North 93 feet of the South 178 feet of Block 115, according to the Official Map of TOWN OF MOUNT DORA, recorded in Plat Book 3, Pages 37-43, inclusive, Public Records of Lake County, Florida.

THIS IS A FIRST MORTGAGE.

To have and to hold the same together with all heating, air conditioning, plumbing, and lighting fixtures and equipment as well as all other improvements and fixtures now or hereafter attached to or used in connection with the above described land and with all and singular the tenements, hereditaments, easements, rights, powers, privileges, immunities, and appurtenances thereunto belonging or in anywise appertaining and the reversion and reversions, remainder, and remainders, rents, issues and profits thereof, and also all the estate, right, title interest, homestead, dower and right of dower, separate estate, property, possession, claim and demand whatsoever as well in law as in equity of the Mortgagor(s) unto the Mortgagee in fee simple; all of which together with said land, shall be herein referred to as the "property".

And the Mortgagor(s) hereby covenant with the Mortgagee: that the Mortgagor(s) are indefeasibly seized of the property in fee simple; that the Mortgagor(s) have full power and lawful right to convey the same in fee simple as aforesaid; that it shall be lawful for the Mortgagor at all times peaceably and quietly to enter upon, hold, occupy and enjoy said property and every part thereof; that said property is free from all encumbrances except covenants, restrictions and easements of record; and that the Mortgagor(s) will make such further assurances to perfect the fee simple title to said property in the Mortgagee as may reasonably be required; and that the Mortgagor(s) do hereby fully warrant the title to said property and every part thereof and will defend same against the lawful claims of all persons whomsoever.

PROVIDED ALWAYS, That if the Mortgagor(s) shall pay unto the Mortgagee the certain Note, dated July 26, 2006 for the sum of One Hundred Seven Thousand Two Hundred Fifty and 00/100 Dollars (U.S. $107,250.00) including interest at the initial rate of 10.99% (per annum), adjusted according to the terms of the Mortgage Note, if not sooner paid, due and payable on August 1st, 2036 and any future advances made in reliance upon this mortgage, and shall duly, promptly and fully perform, discharge, execute, effect, complete, comply with and abide by each and every one of the stipulations, agreements, conditions and covenants of said note and of this mortgage, then this mortgage and the estate hereby created shall cease and be null and void.

Initial   Initial

00-13890

And the Mortgagors hereby jointly and severally covenant to and with the Mortgagee:

1. To pay all and singular the principal and interest and the various and sundry sums of money payable by virtue of said note and this mortgage, each and every, promptly, on the days respectively the same severally become due.

2. To pay all and singular the taxes, assessments, levies, liabilities, obligations and encumbrances of every nature and kind now on said described property, and/or that hereafter may be imposed, suffered, placed, levied or assessed thereupon, and/or that hereafter may be levied or assessed upon this mortgage and/or the indebtedness secured hereby, each and every, when due and payable according to law, before they become delinquent, and before any interest attaches or any penalty is incurred; and insofar as any thereof is of record the same shall be promptly satisfied and discharged of record and the original official document (such as, for instance, the tax receipt or the satisfaction paper officially endorsed or certified) shall be placed in the hands of the Mortgagee within ten days next after payment.

3. To keep the improvements now existing or hereafter erected on the mortgaged property, insured as may be required from time to time by the Mortgagee against loss by fire and other hazards, casualties, and contingencies in such amounts and for such periods as may be required by Mortgagee, and to pay promptly, when due, any premiums on such insurance. The insurance carrier providing the insurance shall be chosen by Mortgagor subject to approval by Mortgagee; provided, that such approval shall not be unreasonably withheld. The insurance policies and renewals thereof shall be held by Mortgagee and have attached thereto loss payable clauses in favor of and in form acceptable to the Mortgagee. In event of loss Mortgagors will give immediate notice by mail to Mortgagee and Mortgagee may make proof of loss if not made promptly by Mortgagors and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Mortgagee instead of Mortgagors and Mortgagee jointly, and the insurance proceeds, or any part thereof, may be applied by Mortgagee at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged. In the event that the Mortgagor shall fail to maintain the required insurance, Mortgagee shall have the right without prior notice to Mortgagor, but not the obligation, to force place coverage in such amounts and for such periods as Mortgagee, in its sole discretion, may determine, and Mortgagor hereby acknowledges that any such force place coverage may not provide any benefits or coverage for Mortgagors, except to the extent it that it results in a reduction or discharge the Mortgagee's interest hereunder. In event of foreclosure of this mortgage or other transfer of title to the mortgaged property in extinguishment of the indebtedness secured hereby, all right, title and interest of the Mortgagors, in and to any insurance policies then in force shall pass to the purchaser or grantee, appropriate credit being given therefor, after, but as of the date of such transfer and delivery of possession.

4. To remove or demolish no building on said property without the written consent of the Mortgagee; to permit, commit or suffer no waste, impairment or deterioration of said property or any part thereof, and to keep the same and improvements thereon in good condition and repair. To make no additions, alterations or improvements except by a licensed contractor pursuant to all required building permits issued by the appropriate governmental authorities.

5. That in the event the Mortgagors fail to pay and/or discharge the taxes, assessments, levies, liabilities, obligations and encumbrances, or fail to keep said property insured or to deliver the policies, premiums paid, or fail to repair the said property, as herein agreed, the Mortgagee is hereby authorized at its election to pay and/or discharge said taxes, assessments, levies, liabilities, obligations and encumbrances or any part thereof, to procure and pay for such insurance or to make and pay for such repair, without any obligation on their part to determine the validity and/or necessity of any thereof and without the Mortgagee waiving or affecting any option, lien, equity or right under or by virtue of this mortgage; and the full amount of each and every such payment shall be immediately due and payable and shall bear interest from the date thereof until paid at the highest rate of interest allowable under Florida law, which amounts together with interest shall be secured by the lien of this Mortgage, but nothing herein contained shall be construed as requiring the Mortgagee to advance or expend monies for any of the purposes in this paragraph mentioned.

6. To pay all and singular the costs, charges and expenses, including reasonable lawyers' fees, lawyers' disbursements and costs of abstracts of title, incurred or paid at any time by the Mortgagee because and/or in the event of the failure on the part of Mortgagors duly, promptly and fully to perform, discharge, execute, effect, complete, comply with and abide by each and every one of the stipulations, agreements, conditions and covenants of said note and this mortgage, any or either, and said costs, charges and expenses, each and every, shall be immediately due and payable, whether or not there be notice, demand, attempt to collect or suit pending; and the full amount of each and every such payment shall bear interest from the date thereof until paid at the highest rate of interest allowable by Florida law; and all such costs, charges and expenses so incurred or paid, together with such interest, shall be secured by the lien of this mortgage.

Initial    Initial

7. Mortgagor does hereby bargain, sell, transfer, assign, convey, set over and deliver unto Mortgagee, as security for the payment and performance of all the terms and conditions of the Note and Mortgage, and any and all amendments, extensions and renewals thereof, all Leases affecting the demised premises or any part thereof now existing or which may be executed at any time in the future during the life of this Mortgage, and all amendments, extensions and renewals of said leases and any of them, and all rents and other income which may now or hereafter be or become due or owing under the Leases, and any of them, on account of the use of the demised premises, it being intended hereby to establish a complete transfer of the leases hereby assigned and all the rents and other income arising thereunder and on account of the use of the demised premises unto Mortgagee, with the right, but without the obligation, to collect all of said rents and other income which may become due during the life of the Note and Mortgage. Mortgagor agrees to deposit with Mortgagee upon demand such leases as may from time to time be designated by Mortgagee. Although it is the intention of the parties that this shall be a present assignment, it is expressly understood and agreed, anything herein contained to the contrary notwithstanding, that the Mortgagee shall not exercise any of the rights or powers herein conferred upon it until a default shall occur under the terms and provisions of the Note or Mortgage, but upon the occurrence of any default the Mortgagee shall be entitled, upon notice to the tenants, to all rents and other amounts then due under the leases and thereafter accruing, and this Mortgage shall constitute a direction to and full authority to the tenants, lessees or other occupants of the premises (hereinafter collectively referred to as the "Tenants") to pay all said amounts to the Mortgagee without proof of the default relied upon. The Tenants are hereby irrevocably authorized to rely upon and comply with any notice or demand by the Mortgagee for the payment to the Mortgagee of any rental or other sums which may be or thereafter become due under the leases, or for the performance of any of the Tenants undertakings under the leases and shall have no right or duty to inquire as to whether any default under the Mortgage has actually occurred or is then existing.

8. That (a) in the event of any breach of this mortgage or default on the part of the Mortgagors, or; (b) in the event any of said sums of money herein referred to be not promptly and fully paid within 30 days next after the same severally become due and payable, without demand or notice; or (c) in the event each and every stipulation, agreement, condition and covenant of the note of this mortgage, any or either, are not duly, promptly and fully performed, discharged, executed, effected, completed, complied with and abided by; or (d) in the event the Mortgagors shall fail, within five (5) days written notice by Mortgagee, to execute a Mortgagor's certificate in favor of any assignee or prospective assignee of Mortgagee's interest hereunder which certificate shall contain such acknowledgments, affirmations, and covenants as may be reasonably required to enable Mortgagee to assign their interest hereunder, or; (e) in the event of any clerical errors contained in this mortgage or in any documents executed simultaneously herewith, the Mortgagor(s) shall fail, within fifteen (15) days written notice by Mortgagee or Mortgagee's closing agent, to execute such other documents as Mortgagee or its closing agent may deem prudent; provided, however, that said additional documents merely effectuate the true tenor of the transaction hereunder, or; (f) upon the rendering by any court of last resort of a decision that an undertaking by the Mortgagors as herein provided to pay taxes, assessments, levies, liabilities, obligations and encumbrances is legally inoperative or cannot be enforced, or the event of the passage of any law changing in any way or respect the laws now in force for the taxation of mortgages or debts secured thereby, or the manner of collection of any such taxes, so as to affect this mortgage or the debt secured hereby; then, in either or any such event, the said aggregate sum mentioned in said note then remaining unpaid, with interest accrued, and all monies secured hereby shall become due and payable forthwith, or thereafter, at the option of the Mortgagee, as fully and completely as if all of the sums of money were originally stipulated to be paid on such day, anything in the note and/or in this mortgage to the contrary notwithstanding; and thereupon or thereafter, at the option of the Mortgagee, without notice or demand, suit at law or in equity, therefore or thereafter begun, may be prosecuted as if all money secured hereby had matured prior to its institution.

9. That, in the event that at the beginning of or at any time pending any suit upon this mortgage, or to foreclose it or to reform it, and/or to enforce payment of any claims hereunder, the Mortgagee may apply to the court having jurisdiction thereof for the appointment of a Receiver, such court shall forthwith appoint a Receiver of said mortgaged property all and singular, including all and singular the income, profits, issues and revenues from whatever source derived each and every of which, it being expressly understood, is hereby mortgaged as if specifically set forth and described in the granting and habendum clauses hereof, and such Receiver shall have all the broad and effective functions and powers in any wise entrusted by a court to a Receiver, and such appointment shall be made by such court as an admitted equity and a matter of absolute right to the Mortgagee, and without reference to whether or not said mortgaged property be in whole or in part a homestead and without reference to the adequacy or inadequacy of the value of the property mortgaged or to the solvency or insolvency of the Mortgagors and/or the defendants, and that such rents, profits, income, issues and revenues shall be applied by such Receiver according to the lien and/or equity of the Mortgagee and the practice of such court.

10. Duly, promptly and fully to perform, discharge, execute, complete, comply with and abide by each and every one of the stipulations, agreements, conditions and covenants in said note and in this mortgage set forth. No modifications of the provisions of this mortgage, including any oral modifications, shall be binding upon the parties hereto unless the agreement or modification shall be reduced to writing and signed by the parties.

Initial   Initial

OB 18880

11. For the purposes of inducing the Mortgagee to make the loan secured hereby, the Mortgagors represent that the rents now accruing and hereafter to accrue upon the mortgaged property are now and during the life of this mortgage shall remain free and clear all liens, encumbrances or pledges.

12. Duly, promptly and fully to perform, comply with and abide by each and every one of the stipulations, agreements, conditions and covenants contained in the prior mortgage herein described, if any, and in the obligation secured thereby, and any breach of the prior mortgage or default in the obligation secured thereby shall automatically constitute a default of this mortgage.

13. This mortgage shall become due and payable forthwith if the Mortgagors shall convey away said property or if the title thereto shall become vested in any other person or persons in any manner whatsoever, or if Mortgagor is a corporation, a majority interest in said corporation shall be divested by the shareholder(s) of record as of the date of this mortgage. Provided, however, that if prior to such conveyance, Mortgagee and the person to whom the property is to be conveyed reach agreement in writing that the credit of such person is satisfactory to Mortgagee and that conveyance of the property may establish the beginning of a new rate period, as defined in the note secured hereby, thereby permitting a rate adjustment at the time of conveyance, then Mortgagee shall have waived the option to accelerate. To the extent permitted by Florida law, Mortgagee may also charge a reasonable fee as a condition to Mortgagee's consent to conveyance.

14. In the event the said property, or any part thereof, shall be condemned under the power of eminent domain, the Mortgagee shall have the right to demand that all damages awarded for such taking be paid to the Mortgagee and Mortgagee shall be entitled to receive same, up to the aggregate amount then remaining unpaid on the note and this Mortgage, and any such sums shall be applied to the payments last payable thereon.

15. That in order more fully to protect the security of this mortgage the Mortgagors, together with and in addition to the monthly payments under the terms of the note secured hereby and on the same day of each month as the payments under said note are due and until said note is fully paid, if so required by the Mortgagee, shall pay to the Mortgagee an installment of the taxes and assessments next to become due and levied or to be levied against the property and an installment of the premium or premiums next to become due and payable on the policies of fire and other hazard insurance covering the mortgaged property. Such installments shall be equal respectively to such estimated taxes and assessments and fire and other hazard insurance premiums (all as estimated by the Mortgagee), less all sums already paid thereon and divided by the number of the months that are to elapse before one month prior to the date when such taxes, assessments or premiums will become due, such sums to be held by the Mortgagee in trust to pay said premiums, taxes and assessments. Notwithstanding anything contained herein to the contrary, Mortgagee may collect and hold such escrow installments in amounts not to exceed the maximum amount a lender for a federally related mortgage may require for an escrow account under the Federal RESPA of 1974, 12 U.S.C. §2601 et seq., as amended from time to time, unless another law that applies to the amount of such escrow of installments requires a lesser amount.

16. In addition to a mortgage, this instrument also constitutes a security agreement in favor of Mortgagee a security interest under the Florida Uniform Commercial Code in all personal property described herein. Upon the occurrence of any default hereunder, under the Mortgage Note, or any other loan documents, Mortgagee shall also have all rights and remedies of a secured party under the Florida Uniform Commercial Code, none of which shall serve as a limitation upon the rights and remedies accorded Mortgagee under this Mortgage Deed, or under any other applicable law or legal maxim, or vice versa, it being understood that the rights and remedies of a Mortgagee under the Florida Uniform Commercial Code shall be cumulative and in addition to all other rights of Mortgagee contained herein and arising under any other laws. Mortgagor and Mortgagee further agree that the filing of financing statements, whether in the County where the property is located or with the Secretary of State of the State of Florida, or any other state office or agency regularly charged with the receipt and filing of financing statements, shall never be construed as derogating from or impairing the intention of Mortgagee and Mortgagor that everything used in connection with the production of income from the property and/or adapted for use therein and/or which is described or reflected as collateral security in this mortgage or any financing statement.

17. All agreements between Mortgagor and Mortgagee are hereby expressly limited so that in no contingency or event whatsoever shall the amount paid or agreed to be paid, to Mortgagee for the use, forbearance, or detention of the money due under the Note secured hereby exceed the maximum amount permissible under applicable law. If, due to any circumstances whatsoever, fulfillment of any provision hereof, at the time performance of such provision shall be due, shall involve transcending the limit of validity prescribed by law, then the obligation to be fulfilled shall be reduced to the limit of such validity, and if from any circumstances Mortgagee should ever receive as interest an amount that would exceed the highest lawful rate, such amount that would be excessive interest shall be applied to the reduction of the principal amount owing under the Note secured hereby and not to the payment of interest.

Initial    Initial

06-18890

18. Without affecting the liability of Mortgagor or any person or entity expressly released in writing) for payment of any indebtedness secured hereby or for the performance of any obligation contained herein, and without affecting the rights of Mortgagee with respect to any security not expressly released in writing, Mortgagee may, at any time and from time to time, either before or after the maturity of the indebtedness secured hereby, and without notice or consent: (a) Release any person (including, without limitation, any guarantor) or entity liable for payment of all or any part of the indebtedness or for the performance of any obligation; (b) Make any agreement extending the time or otherwise altering the terms of payment of all or any part of the indebtedness, or modifying or waiving any obligation, or subordinating, modifying or otherwise dealing with the lien or charge hereof;(c) Exercise or refrain from exercising or waive any right Mortgagee may have; (d) Accept additional security of any kind; and (e) Release or otherwise deal with any property, real or personal, securing the indebtedness, including all or any part of the property.

19. AS A MATERIAL FACTOR IN INDUCING MORTGAGEE TO MAKE THE LOAN EVIDENCED BY THE MORTGAGE NOTE AND ACCEPT THIS MORTGAGE, THE MORTGAGE NOTE, THE SECURITY DOCUMENTS AND OTHER LOAN INSTRUMENTS, MORTGAGOR AND ANY GUARANTOR, FOR THEMSELVES AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, AGREE THAT ANY LITIGATION ARISING OUT OF THIS MORTGAGE OR INSTITUTED BY ANY PARTY IN INTEREST TO ENFORCE ANY OF THE TERMS OF THIS MORTGAGE, THE MORTGAGE NOTE, THE SECURITY DOCUMENTS OR ANY OF THE OTHER LOAN INSTRUMENTS, SHALL BE TRIED WITHOUT JURY, AND NO JURY TRIAL SHALL BE SOUGHT OR MAINTAINED BY MORTGAGOR, GUARANTOR, OR THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, IN ANY LAWSUIT, PROCEEDING, COUNTERCLAIM, OR ANY OTHER LITIGATION PROCEDURE BASED UPON, OR ARISING OUT OF, THE LOAN EVIDENCED BY THE MORTGAGE NOTE, THIS MORTGAGE, THE SECURITY DOCUMENTS AND OTHER LOAN DOCUMENTS, ANY COLLATERAL OR THE DEALINGS OR THE RELATIONSHIP AMONG MORTGAGEE, MORTGAGOR AND GUARANTOR, IF ANY.

IT IS MUTUALLY COVENANTED AND AGREED by and between the Mortgagor(s) and Mortgagee that this mortgage and the note secured hereby constitute a Florida contract, and shall be construed according to the laws of that State.

IN WITNESS WHEREOF, the Mortgagor(s) have executed this mortgage under seal the date first above written.

_____  
Witness

_____  
PRINT NAME

_____  
Witness

_____  
PRINT NAME

_____ (SEAL)  
RONALD SIMMONS

_____ (SEAL)  
SEBRENA SIMMONS

STATE OF FLORIDA  
COUNTY OF ~~LAKE~~ ORANGE

The foregoing instrument was acknowledged before me on July 26, 2006 by RONALD SIMMONS and SEBRENA SIMMONS, husband and wife, having produced FLORIDA DRIVER LICENSE as identification, and who did not take an oath.

My Commission Expires: 8/05/08

_____  
Notary Public

HONG MAI VU  
MY COMMISSION # DD 436661  
EXPIRES: August 05, 2008

06 18830

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

In re:  
RONALD DEONE SIMMONS  
SEBRENA MARCIA SIMMONS  
Debtor(s)

Case No. 6:09-bk-04024-ABB

## CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT

Laurie K. Weatherford, chapter 13 trustee, submits the following Final Report and Account of the administration of the estate pursuant to 11 U.S.C. § 1302(b)(1). The trustee declares as follows:

1) The case was filed on 03/30/2009.

2) The plan was confirmed on NA.

3) The plan was modified by order after confirmation pursuant to 11 U.S.C. § 1329 on NA.

4) The trustee filed action to remedy default by the debtor in performance under the plan on NA.

5) The case was converted on 11/23/2009.

6) Number of months from filing to last payment: 5.

7) Number of months case was pending: 9.

8) Total value of assets abandoned by court order: NA.

9) Total value of assets exempted: $164,000.00.

10) Amount of unsecured claims discharged without payment: $0.00.

11) All checks distributed by the trustee relating to this case have not cleared the bank.

UST Form 101-13-FR-S (9/1/2009)

Exhibit "B"

| | | | | | |
|---|---|---|---|---|---|
| **Receipts:** | | | | | |
| Total paid by or on behalf of the debtor | | $7,072.00 | | | |
| Less amount refunded to debtor | | $302.64 | | | |
| **NET RECEIPTS:** | | | | | **$6,769.36** |

| | | |
|---|---|---|
| **Expenses of Administration:** | | |
| Attorney's Fees Paid Through the Plan | $0.00 | |
| Court Costs | $0.00 | |
| Trustee Expenses & Compensation | $406.16 | |
| Other | $0.00 | |
| **TOTAL EXPENSES OF ADMINISTRATION:** | | **$406.16** |
| Attorney fees paid and disclosed by debtor: | $0.00 | |

**Scheduled Creditors:**

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Int. Paid |
|---|---|---|---|---|---|---|
| ARROW FINANCIAL SERVICES | Unsecured | 1,607.00 | NA | NA | 0.00 | 0.00 |
| BENEFICIAL | Secured | NA | 5,997.30 | NA | 0.00 | 0.00 |
| COLLECTION COMPANY OF | Unsecured | 4,415.00 | NA | NA | 0.00 | 0.00 |
| CONSUMER RECOVERY ASSO | Unsecured | 7,090.00 | NA | NA | 0.00 | 0.00 |
| DISCOVER BANK | Unsecured | 4,831.00 | 4,831.51 | NA | 0.00 | 0.00 |
| DRIVE FINANCIAL | Unsecured | 1.00 | NA | NA | 0.00 | 0.00 |
| ENHANCED RECOVERY CORP | Unsecured | 669.00 | NA | NA | 0.00 | 0.00 |
| GEMB/MCCOYS | Unsecured | 1,042.00 | NA | NA | 0.00 | 0.00 |
| INTERNAL REVENUE SERVICE | Priority | NA | NA | NA | 0.00 | 0.00 |
| JEFFERSON CAPITAL SYSTEMS LLC | Unsecured | NA | 212.22 | NA | 0.00 | 0.00 |
| JEFFERSON CAPITAL SYSTEMS LLC | Unsecured | NA | 470.15 | NA | 0.00 | 0.00 |
| JEFFERSON CAPITAL SYSTEMS LLC | Unsecured | 203.00 | 203.67 | NA | 0.00 | 0.00 |
| LAKE COUNTY TAX COLLECTOR | Secured | NA | 849.97 | NA | 0.00 | 0.00 |
| MIDLAND CREDIT MGMT | Unsecured | 648.00 | NA | NA | 0.00 | 0.00 |
| MIDLAND CREDIT MGMT | Unsecured | 16,031.00 | 646.13 | NA | 0.00 | 0.00 |
| MIDLAND CREDIT MGMT | Unsecured | 1,126.00 | NA | NA | 0.00 | 0.00 |
| NCO - MEDCLR | Unsecured | 132.00 | NA | NA | 0.00 | 0.00 |
| PALISAD COLL | Unsecured | 4,301.00 | NA | NA | 0.00 | 0.00 |
| PCS | Unsecured | 307.00 | NA | NA | 0.00 | 0.00 |
| PREMIER BANKCARD | Unsecured | 470.00 | 495.05 | NA | 0.00 | 0.00 |
| RESURGENT CAPITAL SERVICES | Unsecured | 9,554.00 | 9,632.59 | NA | 0.00 | 0.00 |
| RESURGENT CAPITAL SERVICES | Unsecured | NA | 12,103.39 | NA | 0.00 | 0.00 |
| RESURGENT CAPITAL SERVICES | Unsecured | NA | 1,162.25 | NA | 0.00 | 0.00 |
| RJM ACQUISITIONS LLC | Unsecured | 212.00 | NA | NA | 0.00 | 0.00 |
| SANTANDER CONSUMER USA | Secured | 0.00 | 6,367.05 | 6,367.05 | 0.00 | 0.00 |
| UNIFUND | Unsecured | 14,880.00 | NA | NA | 0.00 | 0.00 |
| UNIFUND | Unsecured | 5,233.00 | NA | NA | 0.00 | 0.00 |
| VATIV RECOVERY SOLUTIONS, LLC | Unsecured | NA | 4,301.64 | NA | 0.00 | 0.00 |
| YALE MORTGAGE | Secured | 0.00 | NA | NA | 87.20 | 0.00 |
| YALE MORTGAGE | Secured | 0.00 | 134,616.91 | NA | 5,232.00 | 0.00 |
| YALE MORTGAGE | Secured | 0.00 | NA | NA | 1,044.00 | 0.00 |

UST Form 101-13-FR-S (9/1/2009)

### Scheduled Creditors:

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Int. Paid |
|---|---|---|---|---|---|---|
| ZENITH ACQUISITION | Unsecured | 486.00 | NA | NA | 0.00 | 0.00 |

### Summary of Disbursements to Creditors:

| | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|
| **Secured Payments:** | | | |
| Mortgage Ongoing | $0.00 | $5,319.20 | $0.00 |
| Mortgage Arrearage | $0.00 | $1,044.00 | $0.00 |
| Debt Secured by Vehicle | $6,367.05 | $0.00 | $0.00 |
| All Other Secured | $0.00 | $0.00 | $0.00 |
| **TOTAL SECURED:** | **$6,367.05** | **$6,363.20** | **$0.00** |
| **Priority Unsecured Payments:** | | | |
| Domestic Support Arrearage | $0.00 | $0.00 | $0.00 |
| Domestic Support Ongoing | $0.00 | $0.00 | $0.00 |
| All Other Priority | $0.00 | $0.00 | $0.00 |
| **TOTAL PRIORITY:** | **$0.00** | **$0.00** | **$0.00** |
| **GENERAL UNSECURED PAYMENTS:** | **$0.00** | **$0.00** | **$0.00** |

### Disbursements:

| | |
|---|---|
| Expenses of Administration | $406.16 |
| Disbursements to Creditors | $6,363.20 |
| **TOTAL DISBURSEMENTS:** | **$6,769.36** |

12) The trustee certifies that the foregoing summary is true and complete and all administrative matters for which the trustee is responsible have been completed. The trustee requests that the trustee be discharged and granted such relief as may be just and proper.

Dated: 01/07/2010     By: /s/ Laurie K. Weatherford
                                         Trustee

STATEMENT: This Unified Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 101-13-FR-S (9/1/2009)